*160 Opinion Of the Cour/t. — On the 12th of Septem-1801, Samuel A. Hall sued out his capias, return-a|j¡e on the same day to the Fleming court of quarter sessl0ns> then m session, expressing m the body ol the writ, that he was assignee of William-Stockton, who was *161 Assignee of Daniel Mullins, in covenant against George - Stockton, jr. The writ was endorsed as brought on a covenant for the delivery of S 40 worth of cattle. The declaration, after stating the covenant, &c. as executed by the defendant to Mullins, states the assignment there-bfby him to Stockton, on the 1st day of June Í8Ó1, and by him to the plaintiff, on the 2nd September, in the same year ; avers that the defendant had notice of the assignments,on the said last day; and assigns the breaches, &c. The covenant bears date on the 8th day of May 1801, and promises to pay, in three months after date, & 40 worth of cattle to said Mullins, at Flemingsburg. The defendant pleaded covenants performed ; and thereupon the parties submitted an agreed case to the court (in lieu of a special verdict) for their equitable judgment. Which case is, in substance, that the covenant was executed, and the assignments thereof made on the days respectively before stated. That after the said assignments, and before the issuing of the writ, as before stated, the defendant was summoned as a garnishee in an attachment, by M’Gowen against said Mullins. That after the commencement of the suit against the defendant, by Hall, the court of quarter sessions of Fleming, rendered a judgment and order of sale in the said attachment against the said Stockton, as garnishee, upon his being sworn ;* and thereupon the property was sold, or the amount óf the judgment was sátisfied.
if a court 8‘Te ⅝1 errone-agamiTd^ar-nifoee* it will not .Pl6teit ihe perfonMiaving; a right to the deht> wh° were fu¡crtles ta
The garni-⅛⅛ro Protea: hlTe^his^con-feffion, entered at Ur&e on tfae ” cite emmeoufly hecanProfecute wri/oferror”to correa it.
Upon this case, the circuit court of Fleming (after the abolition of the courts of quarter sessions) gave judgment for the plaintiff, for damages and costs. To reverse which judgment, this writ of error is brought;
The errors assigned in this cause, are directed rather against the reasons given by the circuit court for their judgment, than against the judgment itself, Although the court may have travelled out of the record before them, into the record of the proceedings on the attachment, which did not belong to the case (and has been improperly certified along with the record in this suit), yet this court will not therefore reverse the judgment, if it is substantially correct and warranted by law. It is better to do right from wrong inducements, than to reverse that which is right because it was wrongfully en *162 gendered. The point to be decided by this court, is; whether or not, the judgment of the circuit court is warranted by the pleadings and the agreed case.
;gy our statute law (a), the assignor parts with his interest in the obligation by assignment; and the assignee thereby acquires a right in the obligation assigned, and can have an action in his own name against the obligor, liable however, to be defeated by payment or other legal or equitable extinguishment of the demand, which may have been made to, or accruing against the assignor himself, before the obligor had notice of the assignment. The assignment and notice thereof to the obligor, precludes him from discharging the obligation to any but the assignee. And although, in the intermediate between assignment and notice, a payment by the innocent obligor, would protect him, yet the right of the original obligee, is gone by assignment; and as to him, the acceptance of payment would be wrongful.
By the assignment on the first of June, the right of Mullins against Stockton was gone, although not vested in Hall, until the second of September. The statute has not prescribed any manner; in which notice shall be given of an assignment, nor required any notice to be given ; but only protects the equity of the obligor, accruing before notice.
Whether we view the case agreed; the averment of notice in the declaration, and the defendant’s plea thereto ; or the writ itself, as executed; the defendant had an unequivocal notice of the assignment, before the oath Was administered to him as a garnishee ; whereby the plaintiff’s right became complete, unless the previous summons against Stockton, in the attachment against Mullins, or the subsequent order of the court, against the garnishee, overreaches that right;
But the right of Mullins against Stockton, to demand the contents of the note, was gone by assignment; and it cannot; with any propriety;be said, that the law would permit the creditor of Mullins to make a demand, and accept on his account, from Stockton, that which, if done by Mullins himself, would have been wrongful and fraudulent.
The garnishee having notice of the assignment, by suit actually commenced against him, before he was sworn, was bound to make a disclosure to the court, as *163 well of the assignment, as of the covenant originally given to Mullins.
If he failed to do so, whereby judgment was rendered against him, he must be considered as the willing victim, entitled to no greater consideration, than if he had, after notice, voluntarily paid to Mullins. But if he did disclose the assignment, and the court did, notwithstanding, enter judgment against him, such judgment was erroneous ; against which, the garnishee might have protected himself, by having his confession truly and at l,i rge, placed of record ; whereuponhe might have reversed the judgment by writ of error.
Judgment affirmed.

 For the proceedings on attachments, fee cits of 1796-7, p. 124, § 5, j Brad. 357 — acts of 1803, ch. t3 § 13, p. 10 — acts of iSo^ch. 76, p, 103*

6 o', (a) A£ts of —al/of i fef 1798, ch. 2?, £. 60, i Brad.